# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

07 APR 24 PM 12: 05

JOYCE A. SMITH
13974 Pleasant Ridge
Marysville, Ohio 43040

2:07 cv 362

   Plaintiff, : CASE NO.

   v. : JUDGE JUDGE MARBLEY

HCR MANOR CARE SERVICES, INC. : MAGISTRATE JUDGE
c/o CT Corporation Systems
1300 East Ninth Street :
Cleveland, Ohio 44114

   Defendant.

## COMPLAINT
### (with Jury Demand)

NOW COMES Plaintiff Joyce A. Smith hereby proffers this Complaint for damages against Defendant HCR Manor Care Services, Inc.

### THE PARTIES

1. Plaintiff is a natural person residing in Union County, Ohio.

2. Defendant is an Ohio corporation with a facility in Union County, Ohio.

### JURISDICTION AND VENUE

3. Counts I is brought pursuant to the laws of the United States, therefore the Court has jurisdiction pursuant to 28 U.S.C. §1331.

4. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Defendant has a facility in Union County, Ohio, at which all of the events in question took place.

## FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant from January of 1997, until her discharge on or about January 4, 2007.

6. In January of 2006, Plaintiff's father began to suffer seriously from the effects of congestive heart failure and other maladies that left him in a terminal state.

7. Plaintiff took time off to care for her terminally ill father on January 22-23, February 9-13, March 22, and April 28-29 - all in the year 2006.

8. Defendant had knowledge of the seriousness of Plaintiff's father's condition at all relevant times, and was given as much notice as Plaintiff could practicably give for each and every absence listed in ¶7.

9. Plaintiff was assessed points in Defendant's no fault attendance system for one or more of the absences listed in ¶7.

10. In December of 2006, Plaintiff was discharged for exceeding the allowable number of points under Defendant's no fault attendance system.

11. Defendant employed at least 50 persons within a 75-mile radius of its Heartland of Marysville facility at all times during the years 2005 and 2006.

12. Plaintiff had worked at least 1,250 hours in the 12 months preceding any and all absences listed in ¶7.

## COUNT I
## VIOLATION OF FAMILY AND MEDICAL LEAVE ACT ("FMLA")
## 29 U.S.C. §2601 et seq.

13. Plaintiff reasserts and reincorporates each and every allegation contained in ¶¶1-12 above as if fully rewritten here.

2

14. Plaintiff's absences listed in ¶7 were to care for her father who had a "serious health condition" as that is defined under the Family Medical Leave Act ("FMLA").

15. Defendant violated the FMLA by using Plaintiff's FMLA-protected leave time as a negative factor leading, at least in part, to Plaintiff being discharged.

16. Defendant lacked good faith and/or reasonable grounds to believe that it had not violated the FMLA in its discharge of Plaintiff.

17. Defendant's violations of the FMLA entitle Plaintiff, pursuant to 29 U.S.C. §2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys fees and costs of bringing this litigation, in a amount to be determined at trial, but in any event not less than $150,000.00.

**WHEREFORE**, Plaintiff demands,

for Count I, monetary damages including back pay and benefits, statutory liquidated damages, and attorneys fees and costs, as well as reinstatement or front pay, whichever is appropriate, in an amount to be determined at trial, but in any event not less than $150,000.00.

### JURY DEMAND

Plaintiff demands that a jury decide all of the above claims.

Respectfully Submitted,

Gary A. Reeve (0064872)
Trial Attorney for Plaintiff
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050

3

Co-Counsel:
Laren E. Knoll (0070594)
Nicholas E. Kennedy (0070310)
Kennedy Reeve & Knoll
98 Hamilton Park
Columbus, Ohio 43203
(614) 228-2050